UNITED STATES of America, Appellee,

v.

Gregory SOFSKY, also known as Str8manNY, Defendant–Appellant.

Docket No. 01–1097.

United States Court of Appeals, Second Circuit.

March 28, 2002.

Yuanchung Lee, of Counsel, The Legal Aid Society, New York, NY, for Appellant.

Adam H. Schuman, Assistant United States, Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Present Honorable OAKES, Honorable JON O. NEWMAN and Honorable F.I. PARKER, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED IN PART.[1]

---

**1.** We address in a published opinion filed today Sofsky's claim that the district court erred in imposing a condition of supervised release that prohibited Sofsky from accessing a computer, the Internet or bulletin board systems, unless approved by a probation officer.

Appellant-defendant Gregory Sofsky appeals from the judgment of the United States District Court for the Eastern District of New York (Allyne Ross, J.), entered February 12, 2001, convicting Sofsky, pursuant to his guilty plea, of receiving child pornography by computer in violation of 18 U.S.C. § 2252A(a)(2)(A), and sentencing him to a 121–month term of incarceration, a three-year supervised release term, and a $100 special assessment.

After the government had presented the bulk of its evidence against Sofsky over three days at trial and just prior to the government's resting its case, Sofsky entered a plea of guilty, admitting that he had intentionally received child pornography on his home computer. Almost three months later, days before sentencing, Sofsky indicated to the district court for the first time that he wished to withdraw his plea. He made a formal motion pursuant to Fed.R.Crim.P. 32(e), attempting to resurrect a defense that he had intended to raise at trial—that he was innocent because his brother, Steven Sofsky, had committed the crime, and claiming that he entered into the plea as the result of "overwhelming pressure." The district court denied the motion in an oral ruling, finding an evidentiary hearing unnecessary because the allegations in the affidavits submitted by Sofsky to support his motion "merely contradicted" the record.[2] The district court explained in detail on the record that the evidence presented by the government overwhelmingly refuted Sofsky's claim of innocence, his brother's claim of sole responsibility and guilt, and Sofsky's alleged bases for "overwhelming pressure." Consequently, the court concluded that Sofsky failed to satisfy his burden of showing a fair and just reason for withdrawing the plea.[3] We hold that the district court acted well within its discretion in denying Sofsky's motion We note that, although Sofsky's brother has submitted a statement admitting his role in the offense, he has not indicated a willingness to plead guilty to the offense for which Sofsky stands convicted.

For the reasons set forth above, the judgment of the district court is AFFIRMED IN PART.

---

**2.** "A defendant is not entitled to an evidentiary hearing as a matter of right whenever he seeks to withdraw his guilty plea. .... No hearing need be granted when the allegations on a motion to withdraw a guilty plea before sentencing merely contradict the record, are inherently incredible, or are simply conclusory." *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir.1992) (citations omitted).

**3.** Federal Rule of Criminal Procedure 32(e) states that a "court may permit [a] plea to be withdrawn if the defendant shows any fair and just reason." However, "[a] defendant has no absolute right to withdraw his plea of guilty." *United States v. Williams*, 23 F.3d 629, 634 (2d Cir.1994). Instead, the defen-

dant bears the burden of showing that relief should be granted. *See United States v. Maher*, 108 F.3d 1513, 1530 (2d Cir.1997)("burden of a defendant who has been convicted after pleading guilty, and who contends thereafter that he should be allowed to withdraw his plea because he is innocent, is plainly no less heavy" than "a defendant who challenges the sufficiency of the evidence to support his conviction after a jury verdict"). If the defendant sets forth sufficient grounds to withdraw the plea, a court should consider the potential prejudice to the government. *See United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997).